**Dissenting Opinion issued November 4, 2013**



In The

# Court of Appeals

For The

# First District of Texas

————————————

## NO. 01-12-00553-CR

————————————

**DAVID LEROY TAFLINGER, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the County Criminal Court at Law No. 14**
**Harris County, Texas**
**Trial Court Case No. 1791890**

---

## DISSENTING OPINION

As there was no independent corroboration of the gas station cashier's unsubstantiated claim that Taflinger was "drunk" and the officer's stop was based upon an imagined traffic violation, I dissent.

Because the only question for our review is the application of the law to the undisputed facts, this court's review of the trial court's conclusions of law is de novo. *Ford v State*, 158 S.W.3d 488, 493 (Tex. Crim. App. 2005).

The majority seeks to re-cast this groundless stop by reference to cases which are all critically distinguishable from the very simple and basic facts as they have arrived in our Court:

1. A gas station cashier who Officer Troost knew because he frequented the station, called Officer Troost's cell phone and reported that Taflinger had just left the store drunk, was driving off the station's premises in a red truck, *and that Officer Troost should stop Taflinger and arrest him.*

2. Officer Troost saw the red truck turn out onto a public roadway across two northbound lanes and turn left without signaling.

3. Under the mistaken belief that Taflinger had committed a traffic violation by not signaling, Officer Troost stopped Taflinger and subsequently arrested him for DWI.

Officer Troost observed no actual traffic violations; no weaving; no driving exceptionally slow; nor incidents of other cars being nearly run off the road due to Taflinger's driving.

As in *Ford*, the record provides no facts that would allow a reviewing court to determine whether the officer's opinions were objectively reasonable. 158 S.W.3d at 493. The cashier merely proffered her opinion that Taflinger was "drunk," and that Officer Troost should stop Taflinger and arrest him. An opinion with no articulated factual basis cannot provide the basis for an objectively

2

reasonable suspicion sufficient to detain a driver. *Id.* (stating "articulable facts are required to provide a basis for finding reasonable suspicion").

The facts of this case are not the facts of *State v. Stolte*, 991 S.W.2d 336 (Tex. App.—Fort Worth 1999, no pet.) in which the caller, a former law enforcement employee, described Stolte's dangerous driving to the police dispatcher in real time and in great detail (e.g., the number of times Stolte's vehicle weaved from its lane, the fact that Stolte almost ran another car off the road), thus providing a factual basis for the subsequent stop, not a mere unsupported conclusory statement. *Id.* at 340.

Nor do the facts here comport with *Nacu v State*, 373 S.W.3d 691 (Tex. App.—San Antonio 2012, no pet.)—the case cited by the majority in which the citizen who alerted the officer about an intoxicated driver was a restaurant manager who had observed Nacu disturbing other customers, using profanity, throwing napkins and sugar packets, and asking other customers to buy her alcohol after the restaurant staff refused to serve her. *Id.* at 692–93. When Nacu left and attempted to drive away, the manager ran outside with a cell phone in order record Nacu's license plate information and give it to police. *Id.* at 693. Seeing a police unit in the adjacent lot, the manager reported Nacu to the officer, who immediately thereafter personally witnessed Nacu drive in an unsafe manner between two poles in her attempt to exit the restaurant's lot. *Id.* No such erratic or unsafe driving was

3

in play in the present case. Indeed, here, there is no "there" there—there is nothing apart from an unsubstantiated conclusory accusation and a legally executed exit and turn from a private driveway onto a public roadway.

The majority characterizes Taflinger's non-signaled exit from the parking lot as a "small additional measure of corroboration" of Taflinger's intoxication. *What corroboration?* Since Officer Troost's testimony never noted anything except an imagined traffic violation, we can assume that what the officer witnessed was nothing more than a perfectly executed exit and turn onto a public roadway. How does that in any way serve to corroborate anything?

The reasonableness of a given detention will turn on the totality of the circumstances in that particular case. *See Woods v. State*, 956 S.W.2d 33, 38 (Tex. Crim. App. 1997). The totality of the circumstances of this case is so lacking in a basis for objectionably reasonable suspicion, it cannot stand.

The majority's recurring recitation as to the credibility and weight to be accorded citizens' tips, while valid in a general sense, is nothing more than an obfuscation ("look over there"), because Taflinger never contests the cashier's reliability or credibility. Rather, the actual issue here is the absence of articulable facts that could serve as the basis for an objectionably reasonable suspicion.

When the cashier called Officer Troost's cell phone, she alerted him that Taflinger was "drunk" and leaving the premises driving a red truck. Officer

4

Troost, who was on the gas station's premises, spotted the red truck (the only truck on the premises) pulling out from the station and turning onto a public roadway. Officer Troost stopped Taflinger's vehicle for failing to sign a turn that the law imposes no duty to signal. Apart from having received a call advising him of the cashier's conclusion that Taflinger was "drunk," and observing something the officer incorrectly construed to be a law violation sufficient to stop the truck, Officer Troost did not follow the truck to observe it for actual violations or other "specific and articulable facts" from which he may have reasonably surmised that Tafligner was "associated with a crime."

Because neither Officer Troost nor the cashier articulated a factual basis which would allow a reviewing court to determine whether Officer Troost had an objectively reasonable suspicion sufficient to detain Taflinger, I would reverse. *See Ford*, 158 S.W.3d at 493–94 (holding trial court erred in denying defendant's motion to suppress due to lack of articulable facts providing basis for finding reasonable suspicion).

<br>

Jim Sharp
Justice

Panel consists of Justices Keyes, Sharp and Huddle.
Justice Sharp, dissenting.
Publish.   TEX. R. APP. P. 47.2(b).

5